**GOLDEN VALLEY ELECTRIC ASSOCIA-
TION, Inc., an Alaska cooperative
corporation, Appellant,**

v.

**COLLEGE ENTERPRISES, INC., an Alaska
corporation, Appellee.**

**No. 867.**

Supreme Court of Alaska.

June 3, 1969.

David H. Call, Yeager & Call, Fair-
banks, for appellant.

Henry J. Camarot, Springfield, Or., for appellee.

Before NESBETT, C. J., DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Appellant electric cooperative sued appellee for $3,324 as reimbursement for the cost of relocating its power line which crossed appellee's property in too close proximity to an apartment house appellee had constructed.

The pretrial order listed as the main issue the question of whether appellant's poles and lines were on appellee's property under a written easement granted by a former record owner, as appellant contended, or whether appellant had no right to be on the property and was a trespasser, as appellee contended.

After a trial before the court appellant's complaint was dismissed for failure of proof. In its memorandum decision the court pointed out that appellant had failed to submit any proof of a written easement and that its proof of an easement by prescription was impermissible as being opposed to its pleadings which alleged a written easement. The court also held that appellant's contention that it was lawfully on appellee's property by virtue of appellee having granted a right of easement as a condition of attaining membership in appellant's cooperative association was untenable.

Appellant's brief is disorganized and inadequate in many respects and has been of very limited assistance to the court. We shall nevertheless attempt to consider those points covered by the argument.

Appellant's first point is that the court erred in stating in its memorandum decision that appellant was bound by its pleadings and should not be permitted to change its theory of recovery and rely upon an easement by prescription instead of an easement by grant.

It is elementary, as appellant states, that a litigant may plead in the alternative and advance inconsistent claims or defenses.[1] However, this rule does not relieve either party of the obligation of setting forth its alternative or inconsistent claims or defenses in its pleadings in order to give notice to the opposite side of what it must meet at the trial. Where pretrial has been had, the issues will ordinarily have been defined in the pretrial order and under Civil Rule 16(e), "The order when entered shall control the subsequent course of the action unless modified by the judge to prevent manifest injustice."[2]

Here the appellant's complaint made no reference to an easement, but merely sued on an account. In an affirmative defense appellee alleged that the power

---

1. Civ.R. 8(e) (2) states:

A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. All statements shall be made subject to the obligations set forth in Rule 11.

2. Civ.R. 16(e) in its entirety states:

The judge shall make an order (to be drawn and submitted by counsel) which shall recite the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. The attorneys shall affix their signatures to the order with respect to the stipulations and agreements set forth in the order. The order when entered shall control the subsequent course of the action unless modified by the judge to prevent manifest injustice. The pre-trial order shall cover such of the items in the form of order contained in the Appendix of Forms to these rules as may be appropriate, subject to such additions and modifications as the pre-trial judge may deem advisable.

line was located on its property without benefit of an easement. In addition, appellee counterclaimed on a trespass theory. As a defense, the appellant then alleged that it was the owner of an easement by prescription across appellee's land. In its pretrial memorandum appellant made no claim of an easement by prescription. Instead, it claimed that an easement had been granted by a former record owner of the property who was deceased. The pretrial order states that appellant claimed that its poles and lines were on the property by virtue of a written easement granted by a former record owner and that the easement had been lost and would be proved by oral testimony. The trial judge was obviously relying on the specific wording of the pretrial order which stated:

IT IS HEREBY ORDERED that the foregoing constitutes the pre-trial order in the above-entitled cause, that it supplements the pleadings, which are to be considered as amended to conform hereto, and that said pre-trial order shall not be amended during the trial except by consent, or by order of the court to prevent manifest injustice.

when he stated in his memorandum opinion:

Plaintiff [appellant] is bound by its effective pleadings and should not be permitted to diametrically change its theory of recovery by surprise at trial.

The trial judge's statement of the rule was correct, but his application of the rule to the facts of this case was erroneous. It should be borne in mind that the above statement was made by the judge in his

memorandum decision at the close of the trial. The record reveals that during trial each side was accorded a full opportunity to present all of the evidence it desired. Even though appellee might have insisted that appellant's evidence be confined to proof of a written easement by a deceased former record owner, under the terms of the pretrial order, it did not do this. As a result appellant was permitted to introduce evidence tending to prove an easement by prescription, without objection by appellee. Under these circumstances the trial was governed by that portion of Civil Rule 15 (b) which states:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.[3]

However, the erroneous application of the rule was harmless error. As appellee aptly points out, appellant's proof of an easement by prescription was fatally deficient. For example, there was no proof of the specific route of the power line in previous years and no proof of an open, adverse, and hostile occupation of the property.

■ Appellant's second point is that it had the right to introduce evidence of an easement by prescription in reply to appellee's claim of trespass.

The answer is that appellant did not have this right after entry of the pretrial order stating that the issue to be tried was whether appellant had an easement by grant from a prior record owner. Stated in another way, it could be said that appel-

3. Civ.R. 15(b) in its entirety states:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the

trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

lee had the right to confine appellant's proof to that which tended to prove an easement by grant. This is a right which is waived under Civil Rule 15(b) when issues not raised by the pleadings, or recognized in the pretrial order, are tried by the express or implied consent of the parties. By its failure to object to the introduction of evidence tending to prove an easement by prescription, appellee waived its right to thus confine the issues. Appellant has no complaint since it was accorded an unrestricted right to introduce evidence of a prescriptive right.

Appellant's third point seems to be that it should have prevailed because the bylaws of appellant's cooperative required that its members, of which appellee was one, execute any easement required for the movement of an existing facility and that the benefited member must pay the cost of such removal.

The trial court was correct in holding that there was no merit in this contention. The fact that appellee subsequently automatically became a member in the cooperative by making application for electrical service to the new apartment houses thereby becoming bound by the above-mentioned bylaw provisions cannot be related back to determine the merits of the dispute at its inception. This later development can only govern the future rights and obligations of the parties. Nor can the concurrent granting by appellee of an easement for the new location of the power line have a controlling effect in determining the issue of whether appellant was a trespasser on appellee's property before the buildings were constructed. Since appellant was a trespasser it was obligated to move the power line at its own expense.

Appellant failed to introduce any evidence of an easement by grant and its evidence in support of an easement by prescription was inadequate. The result of this failure of proof was to establish that appellant was in fact a trespasser as of the time appellee demanded that the power line be moved at appellant's expense so as not to create a hazard to the newly constructed apartment houses.

Finding no reversible error the judgment below is affirmed.